The Disciplinary Review Board having filed with the Court its decision in DRB 17-063, concluding that DOUGLAS J. DEL TUFO, formerly of MATAWAN, who was admitted to the bar of this State in 1997, and who has been temporarily suspended from the practice of law since January 3, 2014, should be suspended from practice for a period of one year for violating RPC 8.1(a) (knowingly making a false statement of material fact in connection with a disciplinary matter), RPC 8.4(b) (criminal conduct that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects), and RPC 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation);
And the Disciplinary Review Board having further determined that prior to reinstatement to practice, respondent should be required to submit proof of full restitution to the victim or insurer in the Rubinetti matter;
And DOUGLAS J. DEL TUFO having been ordered to show cause why he should not be disbarred or otherwise disciplined;
And good cause appearing;
**101 It is ORDERED that DOUGLAS J. DEL TUFO is suspended from the practice of law for a period of one year, effective immediately, and until the further Order of the Court; and it is further
ORDERED that prior to reinstatement to practice, DOULGAS J. DEL TUFO shall submit to the Office of Attorney Ethics proof that he has made full restitution to the victim and/or insurer in the Rubinetti matter; and it is further
ORDERED that respondent continue to comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further *950 ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1: 20-17.